IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL MITIGATION BANKING ASSOCIATION; LAND AND WATER RESOURCES, INC.; WETLANDS MITIGATION OF ILLINOIS, L.L.C; and WETLANDS RESEARCH, INC.<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; COL. GARY E. JOHNSTON, in his official capacity as District Engineer of the Chicago District; and MITCHELL A. ISOE, in his official Capacity as Chief of the Regulatory Branch of the Chicago District,<br><br>　　　　　Defendants. | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO AMEND BRIEFING SCHEDULE AND FILE CORRECTED MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF PLAINTIFFS**<br><br>Civil No. 06 C - 2820<br><br>Hearing Date: September 14, 2006<br>Time:　　　　9:30 AM<br>Courtroom:　　1925<br>Judge:　　　Honorable Joan H. Lefkow |

## INTRODUCTION

On July 21, 2006, in accordance with this Court's Scheduling Order of June 27, 2006, Plaintiffs National Mitigation Bankers Association, Land and Water Resources, Inc., Wetlands Mitigation of Illinois, LLC and Wetlands Research, Inc. ("Plaintiffs") filed their Motion for Summary Judgment and accompanying Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Memorandum") and Statement of Undisputed Facts in Support of Motion for Summary Judgment ("Statement of Undisputed Facts"). As a result of circumstances beyond their control, Plaintiffs' Memorandum was filed in shortened form, without footnotes. Having just discovered this situation, Plaintiffs seek leave of court to file a corrected Memorandum, which contains the footnotes that were omitted from the shortened

Memorandum that which was originally filed and to amend the briefing schedule slightly. A copy of the Memorandum containing the omitted footnotes is attached hereto as Exhibit A.

## ARGUMENT

The Memorandum was drafted primarily by Venable LLP and was then electronically transmitted to Michaels & May, P.C for filing with this Court in July 21, 2006. Affidavit Of Lowell Rothschild In Support Of Unopposed Motion To Amend Briefing Schedule And File Corrected Memorandum In Support Of Motion For Summary Judgment On Behalf Of Plaintiffs, ("Rothschild Affidavit"), ¶ 2. As drafted, the Memorandum contained approximately 50 footnotes. After transmission of the Memorandum to Michaels & May, the document contained no footnotes. Rothschild Affidavit, ¶ 4.

Plaintiffs' attorneys did not review the final, filed Memorandum until Friday, September 8, 2006, when it was reviewed in the course of drafting the Reply Memorandum for the Motion for Summary Judgment. Rothschild Affidavit, ¶ 5. Upon discovering that the filed brief lacked footnotes, Mr. Rothschild immediately contacted Alan Greenberg, lead counsel for the Defendants, to advise him of the situation and Mr. Rothschild provided him and his colleague Caroline Blanco with a complete copy of the Memorandum, including the footnotes. . Rothschild Affidavit, ¶ 6. Margaret Strand, lead counsel for Plaintiffs, and Mr. Rothschild spoke with Mr. Greenberg on September 8, 2006, *Id*, and with Mr. Greenberg and Ms. Blanco on September 11, 2006.

Mr. Rothschild also immediately investigated how and why the brief was filed without the footnotes. Rothschild Affidavit, ¶ 7. Venable has a document management system, Workshare Protect, which, among other things, removes "metadata" from documents that are transmitted outside of the firm. Rothschild Affidavit, ¶ 7. The typical purpose of removing

"metadata" is to prevent individuals outside of the firm from having the ability to reconstruct the editing history of a document. *Id*. Workshare Protect also includes a function whereby footnotes can be removed from documents upon their transmission outside of the firm. *Id*. At the time he transmitted the Memorandum in question to Michaels & May, Mr. Rothschild was unaware of this function. *Id*.

Individuals in Venable's Technology Department have stated that the removal of the footnotes could have occurred either as a result of the selection of the option to remove them or through a "corruption" in Workshare Protect, which would have caused their removal without any human interaction. *Id*. Regardless of how it occurred, the footnotes appeared in the original document and were unintentionally removed prior to their transmission to Michaels & May. Rothschild Affidavit, ¶ 8. Michaels & May had no reason to suspect that the footnotes were removed and therefore did not question the lack of footnotes when filing the document. *Id*.

That the footnotes were intended to appear in the original Memorandum can be seen by examination of the Table of Authorities as filed with this Court on July 21, 2006. Rothschild Affidavit, ¶ 9. Almost none of the pages referenced in the Table are correct in the version of the Memorandum filed with the court, whereas the Table originally filed with the Court is correct when compared to the version of the document containing the omitted footnotes. *Id*. Moreover, a number of the cases in the Table originally filed with the Court do not appear in the original Memorandum, as they appear only in footnotes. *Id*.

The error in filing Plaintiffs' Memorandum without footnotes impacts Plaintiffs, Defendants and the Court schedule. Under the current briefing schedule, Plaintiffs filed their Motion for Summary Judgment and Memorandum on July 21, 2006 and, on August 22, 2006, the Government filed its Cross-Motion for Summary Judgment and Opposition to Plaintiffs Motion

for Summary Judgment. Plaintiffs' reply brief is due to be filed September 15, 2006 and the Government's reply brief on October 6, 2006. Plaintiffs would like the Court to have their full opening memorandum, with footnotes. However, Defendants replied to Plaintiffs' footnote-less Memorandum on August 22, 2006 and should be allowed time to revise their opening memorandum to address any points from Plaintiffs' footnotes, or to otherwise conform their opening memorandum to revised pagination in Plaintiffs' corrected Memorandum. Defendants are willing to allow Plaintiffs' reply to be deferred until after Defendants revise or conform their opening brief.

Counsel for Plaintiffs and Defendants have conferred several times to develop a solution that is faithful to the original schedule, while allowing (1) Plaintiffs to present the Court with its full opening Memorandum, including footnotes, (2) Defendants time to modify and refile its opening brief (as filed on August 22, 2006) to respond to Plaintiffs corrected Memorandum, and (3) only a modest adjustment to the original schedule. Having reached an agreement, Plaintiffs ask that the Court enter the attached Proposed Order that would modify the briefing schedule as follows:

1. Plaintiffs' corrected Memorandum in Support of Summary Judgment (attached to this Motion) will be filed by the Court no later than September 14, 2006 and will not exceed 50 pages.

2. Defendants' replacement response to Plaintiff's Motion and Cross-Motion for Summary Judgment will be filed on September 21, 2006 and will not exceed 50 pages.

3. Plaintiffs' reply in support of its Motion and Response to Defendants' Motion will be filed on Sept. 25, 2006 and will not exceed 40 pages.

4

4. Defendants' Reply in Support of its Cross-Motion will be filed on Oct. 17, 2006 and will not exceed 30 pages.

These page limits are the same as in the Court's original June 27, 2006 Scheduling Order. Per the proposed revised schedule, the Defendants have agreed that they will modify, amend or update their August 22, 2006-filed Memorandum as they deem appropriate and file such on September 21, 2006. Plaintiffs will have a few days, until September 25, 2006, to prepare and file their reply. Defendants will have the same three week period (adjusted to take into account the Columbus Day holiday) to file their reply brief. The parties propose no other changes to the Court's June 27, 2006 Scheduling Order.

As noted above, Defendants do not oppose granting the relief requested in this Motion.

## CONCLUSION

For the reasons stated above, Plaintiffs request that the Court grant this unopposed motion.

Respectfully Submitted,

/s/ *John A. Lee*_____
Jan M. Michaels
John A. Lee
Michaels & May, P.C.
Sears Tower
233 S. Wacker Drive, Suite 5620
Chicago, IL 60606
Phone: (312) 428-4720
Fax: (312) 575-8679
jmichales@michaelsmay.com
jlee@michaelsmay.com

Michaels R. Fitzpatrick (pro hac vice pending)
Brennan Steil and Bastings, S.C.
One East Milwaukee Street
P.O. Box 1148
Janesville, WI 52547-1148
Phone: (608) 756-4141
Fax: (608) 756-9000
mfitzpatrick@brennansteil.com

Margaret N. Strand (pro hac vice pending)
Venable, LLP
575 7th Street, NW
Washington, DC 20004-1607
Phone: (202) 344-4699
Fax: (202) 344-8300
mstrand@venable.com

COUNSEL FOR NATIONAL MITIGATION
BANKING ASSOCIATION, LAND AND
WATER RESOURCES, INC., WETLANDS
MITIGATION OF ILLINOIS, L.L.C., and
WETLANDS RESEARCH, INC.