IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL MITIGATION BANKING ASSOCIATION; LAND AND WATER RESOURCES, INC.; WETLANDS MITIGATION OF ILLINOIS, L.L.C; and WETLANDS RESEARCH, INC.<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ARMY CORPS OF ENGINEERS; COL. GARY E. JOHNSTON, in his official capacity as District Engineer of the Chicago District; and MITCHELL A. ISOE, in his official Capacity as Chief of the Regulatory Branch of the Chicago District,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **AFFIDAVIT OF LOWELL ROTHSCHILD IN SUPPORT OF UNOPPOSED MOTION TO AMEND BRIEFING SCHEDULE AND FILE CORRECTED MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON BEHALF OF PLAINTIFFS**<br><br>Civil No. 06 C - 2820<br><br>Hearing Date: September 14, 2006<br>Time: TBA<br>Courtroom: 1925<br>Judge: Honorable Joan H. Lefkow |

1. My name is Lowell Rothschild and I am a Partner in the law firm of Venable LLP. I have personal knowledge of the matters stated in this declaration, and if called as a witness, I could and would testify competently thereto.

2. The Memorandum In Support Of Motion For Summary Judgment On Behalf Of Plaintiffs ("Memorandum") was drafted primarily by Venable LLP and was then electronically transmitted to Michaels & May, P.C for filing with this court in July 21, 2006.

3. I electronically transmitted the Memorandum to Michaels & May, P.C.

4. When initially drafted, the Memorandum contained approximately 50 footnotes. After transmission of the Memorandum to Michaels & May, the document contained no footnotes.

5. Neither I nor, to my knowledge, anyone else at Venable reviewed the final, filed Memorandum until Friday, September 8, 2006, when it was reviewed in the course of drafting the Reply Memorandum for the Motion for Summary Judgment.

6. Upon becoming aware of the omission of the footnotes, I immediately contacted Alan Greenberg, lead counsel for the Defendants and made him aware of the situation. I provided Mr. Greenberg and his colleague Caroline Blanco with a complete copy of the Memorandum, including the footnotes, on September 8, 2006. With Margaret Strand, lead counsel for Plaintiffs, I spoke with Mr. Greenberg on September 8, 2006 and with Mr. Greenberg and Ms. Blanco on September 11, 2006.

7. I also immediately contacted Venable's Information Technology Department (IT) to ascertain how and why the footnotes might have been deleted. I was informed that Venable's document management system, Workshare Protect, removes "metadata" from documents that are transmitted outside of the firm, among other things. The typical purpose of removing "metadata" is to prevent individuals outside of the firm from having the ability to reconstruct the editing history of a document. Venable's IT Department informs me that Workshare Protect also includes a function whereby footnotes can be removed from documents upon their transmission outside of the firm. At the time I transmitted the Memorandum in question to Michaels & May, I was unaware of this function. The individuals in IT inform me that the removal of the footnotes could have occurred either as a result of the selection of the option to remove them or through a "corruption" in Workshare Protect, which would have caused their removal without any human interaction. At the time I transmitted the Memorandum in question to Michaels & May, I was unaware of this possibility and only came to know it on September 8, 2006.

8. Either way, the footnotes appeared in the original document and were unintentionally removed prior to their transmission to Michaels & May. Michaels & May had no reason to

suspect that the footnotes were removed and therefore did not question the lack of footnotes when filing the document.

9. That the footnotes were intended to appear in the original Memorandum can be seen by examination of the Table of Authorities as filed with this Court on July 21, 2006. Almost none of the pages referenced in the Table are correct in the version of the Memorandum filed with the Court, whereas the Table originally filed with the Court is correct when compared to the version of the document containing the omitted footnotes. Moreover, a number of the cases in the Table originally filed with the Court do not appear in the original Memorandum, as they appear only in footnotes.

10. On Monday, September 11, 2006, Margaret Strand and I spoke with Mr. Greenberg and Ms. Blanco. We agreed to a proposed briefing schedule under which Plaintiffs would move the Court on September 14, 2006 to file a corrected brief. The United States, if the motion was granted, would file by September 21, 2006 an amended Opposition Brief, the Plaintiffs would file a reply on September 25, 2006, and the United States would file a reply brief by October 17, 2006.

I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct, and that this Affidavit was executed on September 11, 2006, in Washington DC.

Lowell Rothschild

SUBSCRIBED AND SWORN TO BEFORE ME this 11 day of September, 2006

Notary Public, District of Columbia

Karen A. Jackson
Notary Public, District of Columbia
My Commission Expires 10/31/2010

My Commission expires: _____

3